# EXHIBIT A

STATE OF NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 25CV037851-910

NOWAK ENTERPRISES, INC.

Plaintiff,

v.

B.E.S.T. PHYSICAL THERAPY, LLC d/b/a RENEW PHYSIOTHERAPY, MDO HOLDINGS, LLC, O2 FITNESS SEABOARD LLC, and RDNUTRITION, LLC.

Defendants.

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

Plaintiff Nowak Enterprises, Inc., through counsel, for its Complaint against B.E.S.T. Physical Therapy d/b/a Renew Physiotherapy ("B.E.ST."), MDO Holdings, LLC ("MDO"), O2 Fitness Seaboard, LLC ("O2"), and RDNutrition, LLC ("RDNutrition") (hereinafter collectively "Defendants") hereby alleges the following:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, unfair competition, and unfair and deceptive trade practices. This action arises out of Defendants' unauthorized use and infringement of Nowak's registered trademarks.

2. Nowak Enterprise, Inc. operates a business called Renu Health & Fitness in Raleigh, North Carolina and owns four registered trademarks including standard character marks for RENEW, RENEW FITNESS, and RENU HEALTH & FITNESS and a Renu Health & Fitness logo in connection with its evidence-based

fitness, medical exercise, post-rehabilitation training, and other medically aligned wellness services. The term "Nowak" in this Complaint refers to Nowak Enterprise, Inc., including its enterprise described herein which began in 2012.

3. Defendants have infringed Nowak's registered trademark by using the names "Renew," "Renew Physiotherapy," and "Renew Wellness" in connection with fitness, health, nutrition, and wellness services.

4. Defendants' actions have and will continue to cause a likelihood of confusion of the registered marks in these circumstances. As a result of Defendants' expansion into services in which Nowak has exclusive trademark rights, as explained in more detail below, Defendants' actions constitute infringement of Nowak's federally registered marks, unfair competition, and unfair and deceptive trade practices. Nowak now seeks, *inter alia*, monetary relief and an injunction prohibiting further infringements of its trademarks.

## **THE PARTIES**

5. Nowak is a North Carolina corporation. Nowak provides evidence-based fitness, medical exercise, post-rehabilitation training, and other medically aligned wellness services from its center and headquarters in Raleigh, North Carolina.

6. B.E.S.T. is a North Carolina limited liability company with a principal office in Raleigh, North Carolina. Its managing member is Marc J. Douek. Upon information and belief, B.E.S.T. provides physical therapy services in cities across North Carolina and it also has a location in Madison, Wisconsin. Upon information and belief, it also does business as "Loop Nutrition."

7. O2 is a North Carolina limited liability company with a principal office in Raleigh, North Carolina. Its managing member is Michael D. Olander, Jr. O2 provides health, fitness, and wellness services from locations across North Carolina and in South Carolina.

8. MDO is a North Carolina limited liability company with a principal office in Raleigh, North Carolina. Its manager is Michael D. Olander, Jr. MDO is an investment and management firm focused on building strong and healthy communities. It operates the business of O2Fitness, Renew Wellness, Loop Nutrition, and thrive Wellness.

9. RDNutrition is a North Carolina limited liability company with a principal office in Raleigh, North Carolina. Upon information and belief, it does business as "Loop Nutrition."

10. B.E.S.T., O2, MDO, and/or RDNutrition individually or in concert with one or more of the others, offer services and/or programs under the names Renew Wellness, Loop Nutrition, thrive Wellness, and PRSNL, and refer customers to these services and/or programs.

## **JURISDICTION AND VENUE**

11. This Court has jurisdiction over the subject matter of this dispute pursuant to N.C.G.S. § 7A-240.

12. Personal jurisdiction over B.E.S.T. is proper under N.C. Gen. Stat. § 1-75.4.

13. Personal jurisdiction over MDO is proper under N.C. Gen. Stat. § 1-75.4.

14. Personal jurisdiction over O2 is proper under N.C. Gen. Stat. § 1-75.4.

15. Personal jurisdiction over RDNutrition is proper under N.C. Gen. Stat. § 1-75.4.

16. Venue is proper in this Court pursuant to N.C. Gen. Stat. § 1-82.

## FACTUAL BACKGROUND

### Renu Health and Fitness and the Registered Marks

17. Nowak currently owns four (4) US trademark registrations in connection with its services, including medically-aligned fitness services (the "Registered Marks"). A summary of the Registered Marks is included below:

| Registered Mark | U.S. Registration Number | Classes/Services |
|---|---|---|
| **RENU HEALTH & FITNESS** | 7595306 | **Class 041:** Personal fitness training services; Personal trainer services; Physical fitness conditioning classes; Physical fitness consultation; Physical fitness training services<br><br>**Class 044:** Weight management services, namely, providing weight loss and/or weight maintenance programs; Bodywork therapy services, namely, structural integration therapy and movement therapy |
| | 4784910 | **Class 041:** Conducting fitness classes; Consulting services in the fields of fitness and exercise; Counseling services in the field of physical fitness; Fitness boot camps; Health club services, namely, providing instruction and equipment in the field of physical |

| | | |
|---|---|---|
| | | exercise; Personal fitness training services and consultancy; Personal fitness training services featuring aerobic and anaerobic activities combined with resistance and flexibility training; Physical fitness conditioning classes; Physical fitness consultation; Physical fitness instruction; Physical fitness studio services, namely, providing exercise classes, body sculpting classes, and group fitness classes; Physical fitness studio services, namely, providing group exercise instruction, equipment, and facilities; Physical fitness training of individuals and groups; Physical fitness training services; Providing assistance, personal training and physical fitness consultation to corporate clients to help their employees make physical fitness, strength, conditioning, and exercise alterations in their daily living; Providing assistance, personal training and physical fitness consultation to individuals to help them make physical fitness, strength, conditioning, and exercise improvement in their daily living; Providing classes, workshops, seminars and camps in the fields of fitness, exercise, boxing, kick boxing and mixed martial arts; Providing facilities for physical fitness training; Providing fitness and exercise facilities; Providing fitness and exercise studio services, namely, pilates instruction and training; Providing general fitness and mixed martial arts facilities that require memberships and are focused in the fields of general fitness, exercise, and mixed martial |

| | | |
|---|---|---|
| | | arts; Providing physical fitness and exercise service, namely, indoor cycling and yoga instruction |
| **RENEW** | 4893086 | **Class 041:** Personal fitness training services; Personal fitness training services and consultancy; Physical fitness conditioning classes; Physical fitness consultation; Physical fitness instruction; Physical fitness training services |
| **RENEW FITNESS** | 4893089 | **Class 041:** Personal fitness training services; Personal fitness training services and consultancy; Physical fitness conditioning classes; Physical fitness consultation; Physical fitness instruction; Physical fitness training services |

18. A Section 7 Request has been filed for Reg. No. 7595306 of "RENU HEALTH AND FITNESS", and a true and accurate copy of such request is attached within in Exhibit 1 immediately behind the registration certificate for Reg. No. 7595306.

19. As reflected by registrations, which have been attached as **Exhibit 1**, use of some of the marks with some services began at least as early as 2005, and the use of other marks and with various services began at least as early as the early 2010s. Multiple of Nowak's registrations, including "RENEW," "RENEW FITNESS" and the Renu Logo Mark are incontestable under 15 U.S.C. § 1065.

20. In addition, from 2007–2015, Dino Nowak, owner of Nowak, worked at the Vanderbilt University Medical Center, where he specialized in post-rehabilitation

and medically guided exercise programs, receiving referrals from Vanderbilt physical therapists and orthopedic physicians.

21. Use began at least by June 1, 2011 by Dino Nowak, and then by the company he formed, of the RENU HEALTH & FITNESS word and logo marks in the chart above. At the time, the services were being provided from Nowak's and his company's location in Nashville, Tennessee.

22. Dino Nowak's company in the early 2010s, named Nowak Enterprises Inc., was a Tennessee corporation. After Nowak Enterprises, Inc. opened a second location in Raleigh, North Carolina, there was an interest in redomiciling the company to become a North Carolina entity. As Tennessee does not allow domestic corporations to convert out of Tennessee, the Tennessee corporation was merged into a North Carolina corporation briefly named DN Wellness Holdings Inc. to facilitate the merger and that was renamed to Nowak Enterprises Inc. That surviving entity, Nowak Enterprises Inc., a North Carolina corporation, owns all of the trademark rights and goodwill in the marks identified in the chart presented in Paragraph 17, as well as in any other trademark rights held by Nowak or Nowak's Tennessee corporation concerning RENU, RENU HEALTH & FITNESS, RENEW and RENEW FITNESS, and it is the successor to the Tennessee corporation for trademark rights purposes.

23. At least since June 1, 2011, Nowak, or its predecessor in trademark rights, has been using one or more of its various current marks including "Renu" and

"Renu Health & Fitness" in connection with its services, including its medically-aligned fitness services.

24. On November 20, 2014, Nowak applied to register an illustration/drawing mark bearing the words "RENU HEALTH & FITNESS" with the United States Patent and Trademark Office ("USPTO") for services in Class 041 (the "Renu Logo Mark").

Figure 1: the Renu Logo Mark

25. The Renu Logo Mark was registered with the USPTO on August 4, 2015.

26. In 2017, Nowak opened a second location of Renu Health & Fitness in Raleigh, North Carolina at the address 10940 Raven Ridge Rd STE 116, Raleigh, NC 27614.

27. Nowak offers fitness and exercise services, including those that are medically-aligned. Nowak's customers include those who are looking for preventative care or post-physical therapy programs, living with chronic or managed medical conditions, navigating aging, limited mobility or recurring dysfunction, looking to lose weight, or are conditioning for sports.

28. Nowak's Nashville location of Renu Health & Fitness also offered on-site physical therapy services. As mentioned previously, from 2007–2015, Dino Nowak, owner of Nowak, worked at the Vanderbilt University Medical Center, where

he specialized in post-rehabilitation and medically guided exercise programs, receiving referrals from Vanderbilt physical therapists and orthopedic physicians. In 2015, he opened his own Renu Health & Fitness facility within a mile of the hospital, where a licensed physical therapist provided on-site physical therapy services alongside Nowak's medically guided exercise and wellness programs. Although Nowak's Raleigh location currently does not offer physical therapy, he intends to resume offering such services in the future.

29. Nowak's "Renu" and "Renu Health & Fitness" brand has become a success in the Triangle area. It has been recognized as one of the best gyms in the Triangle from 2022 through 2025 by Indy Week. It has been recognized as the best Wellness Coach by Midtown 5-West in 2025.

30. It has been Nowak's intention to expand its health and wellness model under the "Renu" and "Renu Health & Fitness" brand.

31. On December 22, 2023, Nowak applied to register the standard character mark "RENU HEALTH & FITNESS" with the United States Patent and Trademark Office ("USPTO") for various services in Class 041 and 044. The "RENU HEALTH & FITNESS" mark was registered with the USPTO on December 10, 2024.

32. On or around December 20, 2024, Nowak acquired the "RENEW" and "RENEW FITNESS" registered marks, including U.S. Trademark Reg. Nos. 4893089 and 4893086.

33. Nowak has made filings with the USPTO to record the assignment, and the merger and name change described above. The USPTO has either not yet

processed or not yet updated its website to reflect each such filing and the absence of currently pending TTAB proceedings concerning such registrations.

**B.E.S.T., MDO, O2, and RDNutrition Infringe the Registered Marks**

34. Upon information and belief, agents of MDO and O2, including, but not limited to Michael D. Olander Jr, and other affiliated entities became aware of the Renu and Renu Health and Fitness Brand as early as 2021 –years after the Raleigh location of Renu Health and Fitness opened.

35. Upon information and belief, prior to 2021, O2's services were limited to fitness services – or gyms. O2 did not offer physical therapy services, nutrition services, or other types of wellness services.

36. Upon information and belief, sometime in 2021, O2 began to expand and shift its services offerings using marks that infringed the Registered Marks.

37. For example, O2 began to offer on-site physical therapy services at their fitness clubs under a brand and new company called "Renew Physiotherapy." B.E.S.T. filed an Assumed Business Name Certificate for "renew PhysioTherapy" on February 19, 2021. Upon information and belief, O2 contracted with B.E.S.T. to provide these services under the name "Renew Physiotherapy."

38. B.E.S.T. often does business as "B.E.S.T. Physical Therapy" in its own locations and in third-party gyms and chiropractic facilities. However, rather than use this established name within its partnership with MDO and O2, B.E.S.T. made the intentional decision to instead use the terms "Renew" and/or "Renew Physiotherapy" in connection with its offering of services.

39. Defendants have marketed physical therapy services or other services using the name "Renew" and/or "Renew Wellness" rather than "Renew Physiotherapy."

40. O2 expanded further into the wellness space with different medically-informed services in part, under the name "Renew Wellness." Upon information and belief, under "Renew Wellness" it offers physiotherapy services in the way of preventative care, mobility and performance optimization, athletic recovery (non-injury), stretches, mobility, and functional movement training to provide services in integrated wellness, performance coaching, and lifestyle enhancement.

41. The "Renew Wellness" name was also used to advertise CBD gummies, CBD cream, roll on, and tincture.

42. Upon information and belief, in 2024, O2 began to offer another program: Loop Nutrition. Loop Nutrition offers nutrition services from registered dietitian nutritionists. Loop Nutrition services are offered on-site at O2's fitness clubs, and exemplify O2's expansion into the medically-aligned wellness space.

43. Loop Nutrition is promoted and bundled with "Renew" and/or "Renew Wellness" through shared advertising and member communications, extending the "Renew" brand across O2's wellness ecosystem. This coordinated co-promotion reinforces consumer association between "Renew" and/or "Renew Wellness" and O2's integrated fitness, therapy, and nutrition services, increasing the likelihood of confusion and commercial value O2 derives from the continued unauthorized use of the "Renew" mark and associated marks.

44. O2 started marketing its expanded services with statements consistent with its intent to expand its services from a traditional gym to an integrated wellness model or a "complete wellness destination."

45. In the below January 3, 2024 Instagram post from o2fitnessclubs, O2 states "We're not just a gym – We're a complete wellness destination!" It also describes the services of O2 Fitness Cubs, Renew Wellness, and Loop Nutrition.




Figure 2: Instagram Post from O2, Renew Wellness, and Loop Nutrition

46. Both Renew Wellness and Loop Nutrition were collaborators on the same post, promoting the partnership and co-signing the use of "Renew Wellness" in connection with their services.

47. Currently, O2 advertises its variety of wellness services with the tagline, "More than a gym." For example, on its website, it includes the tagline in the upper left corner of its website.




Figure 3: O2 website homepage

48. The integration and co-promotion of "Renew" and/or "Renew Wellness" has enabled O2 to reposition itself from a traditional gym brand to a medically aligned wellness provider, deriving substantial brand elevation and goodwill from the unauthorized use of the "Renew" mark and associated marks.

49. Upon information and belief, in 2025, MDO began to operate a new program called thrive Wellness. Its thrive Wellness program offers medically informed weight-loss services on site at O2's fitness clubs, and exemplifies O2's expansion into the medically-aligned wellness space.

50. thrive Wellness is marketed alongside and cross-promoted with “Renew” and/or “Renew Wellness” through shared advertising and digital campaigns, using the “Renew” mark to position O2’s network as an integrated medical-wellness ecosystem. This coordinate co-branding extends the “Renew” mark into adjacent health services, reinforcing consumer association between “Renew” and O2’s overall wellness offerings and increasing the likelihood of confusion and the commercial value O2 derives from its continued unauthorized use of the “Renew” name.

51. Defendants promote “Renew Wellness” as a provider of physical therapy and physiotherapy services, including through their website’s “Our Team” page (https://www.renewwellness.care/our-team), which has a section entitled “Our Physiotherapists.”




Figure 4: Renew Wellness “Our Team” webpage.

52. Upon information and belief, “Renew Wellness” is not itself listed as a licensed physical therapy provider in North Carolina but markets such services under

a name that is not the licensed provider of record. The licensed provider is "Renew Physiotherapy," an assumed name of Best Physical Therapy LLC. This discrepancy between branding and licensure creates a likelihood of public misunderstanding regarding both who is authorized to provide physical therapy services and from whom such medical services are being received, affecting the public perception and the goodwill associated with the "Renew" mark.

53. In February 25, 2025, Cory Maxwell, Vice President of Fitness of O2, gave an interview on Top Rated Gym Podcast, which can be viewed at https://youtu.be/WQZn-a4V2S0.

54. During this interview, Mr. Maxwell spoke about Renew Physiotherapy and Loop Nutrition under the "More than a Gym" concept.

55. Additionally, Mr. Maxwell discussed being able to refer customers to different services within O2. He explains that if someone gets injured, they can be referred to a trainer with Renew Physiotherapy. He explains that the physical therapist can also refer a customer to a dietician.

56. Mr. Maxwell also explains that there is a Wellness Director who is a primary facilitator of the initial fitness consultations. The Wellness Director and coaches sell and upsell different services to hold onto the business of their customers.

57. B.E.S.T., MDO, O2, and Loop Nutrition's (which is either run by B.E.S.T. or RDNutrition) uses of the term "Renew" demonstrate that they acted with intent to benefit from the established reputation and goodwill of "Renu Health & Fitness" in the Raleigh area to bolster the success of its medically-aligned ecosystem

of fitness, physical therapy, wellness, and nutrition services (e.g. O2, Renew Physiotherapy, Renew Wellness, Loop Nutrition, PRSNL, and thrive Wellness).

58. B.E.S.T., MDO, O2, and Loop Nutrition's (which is either run by B.E.S.T. or RDNutrition) use of the "Renew" and/or "Renew Wellness" marks and expansion to additional services, especially in the same geographic area as Nowak's primary operations, violates Nowak's trademark rights.

59. Nowak offers identical and/or similar services in the health, wellness, and fitness space and owns multiple trademarks that are violated by the unauthorized use of "Renew" and/or "Renew Wellness."

60. B.E.S.T., MDO, O2, and Loop Nutrition's (which is either run by B.E.S.T. or RDNutrition) strategy of obtaining customers under the infringing use of the "Renew" and/or "Renew Wellness" allows them to generate additional revenue by directing those same customers to its other fitness, physical therapy, wellness, and nutrition services (e.g. O2, Renew Wellness, Loop Nutrition, Thrive Wellness, PRSNL) at the direct expense of Nowak's branding, growth, and franchising.

61. Nowak has not authorized B.E.S.T., MDO, O2, and Loop Nutrition's (which is either run by B.E.S.T. or RDNutrition) use of "Renew" and/or "Renew Wellness."

**Incidents of Actual Confusion**

62. B.E.S.T., MDO, O2, and Loop Nutrition's (which is either run by B.E.S.T. or RDNutrition) unauthorized use of the "Renew" and/or "Renew Wellness" marks for the same (or highly related) services in the same geographic area has

already caused confusion. Nowak is aware of several incidents where providers intended to refer their clients to Nowak's Renu Health & Fitness, and the clients instead found and/or purchased services and treatments with Renew Wellness.

63. In February 2023, for example, Ms. Mor Kantor recommended Renu Health & Fitness's services to three of her friends. She referred to Renu Health & Fitness as "Renu Fitness." One of her friends signed up with Defendants' Renew Wellness, instead, believing it to be "Renu Fitness." Her two other friends also confused "Renew Wellness" with Renu Health & Fitness, although they did not sign up with Defendants' Renew Wellness.

64. On September 14, 2023, Ms. Anne Peacock received a recommendation that she go to "Renew" for physical therapy services. Ms. Peacock was confused as to whether she was being referred to Renu Health & Fitness or Renew Wellness.

65. In or around March 18, 2025, Mr. Steve Bercovici received a recommendation from a personal trainer at O2 that he see the physical therapist at "Renew Wellness." Mr. Bercovici was confused as to whether he was being referred to Renu Health & Fitness or Renew Wellness.

66. On July 18, 2025, a woman entered Renu Health & Fitness with a doctor's prescription for exercise to address osteopenia (bone loss) and posture. The prescription form bore the logo of "Renew Wellness." Nowhere on the script did it reference "Renew Physiotherapy" or physical therapy services. The patient stated that she was confused by the similarity in names.

67. Continued infringing use of Nowak's Registered Marks will continue to create a likelihood of confusion between the brands, particularly because O2 is currently opening up other facilities in North Carolina and outside of North Carolina. B.E.S.T., MDO, O2,and Loop Nutrition's (which is either run by B.E.S.T. or RDNutrition) wrongful actions have obstructed Nowak's ability to expand and franchise its business under its Registered Marks because of this likelihood of confusion. Nowak has and continues to suffer concrete harm as a result of B.E.S.T., MDO, O2, and Loop Nutrition's (which is either run by B.E.S.T. or RDNutrition) infringement. Nowak has also been harmed by the loss of business income.

**B.E.S.T., MDO, and O2 Fail to Respond to Nowak's Cease and Desist Letters**

68. On April 7, 2025, former counsel for Nowak sent B.E.S.T., MDO, O2, Loop Nutrition, and thrive Wellness cease-and-desist letters. Copies of the April 2025 Cease and Desist Letters are attached as **Exhibit 2.**

69. B.E.S.T., MDO, O2, Loop Nutrition, and thrive Wellness did not respond to the April 2025 Cease and Desist Letters.

70. On August 18, 2025, newly retained counsel for Nowak sent B.E.S.T., MDO, and O2 a cease-and-desist letter. A copy of the August 18 Cease and Desist Letter is attached as **Exhibit 3.**

71. On September 29, 2025, counsel for MDO and O2 reached out to counsel for Nowak regarding the August 18 Cease and Desist Letter. Counsel for MDO and O2 stated that they would provide a written response to the August 18 Cease and Desist Letter.

72. When a response was not soon provided, counsel for Nowak informed that if a response and other things were not provided by October 14, 2025, then Nowak may proceed with filing litigation. Counsel for MDO and O2 then promised that his clients would respond by October 17, 2025. That date has passed without any response.

73. B.E.S.T. also did not respond to the August 18 Cease and Desist Letter.

**FIRST CLAIM FOR RELIEF**
**Federal Infringement of a Registered Trademark**
**(15 U.S.C. § 1114)**
**(Against all Defendants)**

74. Nowak realleges and incorporates herein by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full.

75. Nowak owns all rights, title and interest to the Registered Marks.

76. The Registered Marks are valid, subsisting, and well recognized among relevant consumers as being associated with Nowak, and as a symbol of the goodwill of Nowak and its services through Renu Health & Fitness.

77. Registration Nos. 4784910, 4893086, and 4893089 are incontestable under Section 15 of the Trademark Act, 15 U.S.C. § 1065.

78. Nowak and Defendants have not entered into any agreement by which Defendants are licensed or authorized to use any mark infringing the Registered Marks.

79. Defendants without Nowak's consent, are and have been using "Renew," "Renew Physiotherapy," and "Renew Wellness" in interstate commerce in the United

States, including within North Carolina via the internet, and in a manner that has a substantial effect on interstate commerce.

80. Defendants' use of "Renew," "Renew Physiotherapy," and "Renew Wellness" is likely to, and have caused confusion as to the identity, affiliation, sponsorship and origin of the parties' respective goods and services as alleged herein based on, without limitation to other facts and factors, the similarity of the parties' respective marks, and the overlap and similarity of the respective goods and services.

81. Defendants' use in commerce of "Renew," "Renew Physiotherapy," and "Renew Wellness" in connection with goods and services specified in the Registered Marks' registrations infringes Nowak's rights in each of, or at least one or more of the Registered Marks on account of its federal registrations.

82. Defendants' use of "Renew," "Renew Physiotherapy," and "Renew Wellness" commenced after the priority date(s) of the Registered Marks and indeed after each of their registration dates.

83. Defendants' foregoing and ongoing acts of infringement were with full knowledge of Nowak's rights and with the intent to cause confusion and trade on Nowak's goodwill.

84. Upon information and belief, Defendants have made substantial revenues and profits as a result of their infringing and unauthorized conduct, to which it is not in equity or good conscience entitled.

85. Defendants are liable to Nowak for trademark infringement under 15 U.S.C. § 1114.

86. Nowak has been, and is likely to continue to be, damaged by B.E.S.T., MDO, and O2's wrongful and unlawful acts.

87. As a direct and proximate result of Defendants' acts, of which Nowak complains herein, Nowak has been irreparably harmed and, unless such acts are enjoined, will continue to be irreparably harmed.

88. Nowak has no adequate remedy at law and is entitled to temporary, preliminary, and permanent injunctive relief. Defendants should be preliminarily and permanently enjoined from its conduct complained of herein pursuant to 15 U.S.C. § 1116.

89. Nowak is entitled to recover from Defendants all damages Nowak has suffered on account of Defendants' infringements, a disgorgement of Defendants' profits from such infringements, with such amount trebled pursuant to 15 U.S.C. § 1117 as this is an exceptional case based on Defendants' willful and bad faith infringement behavior, with amount of the recovery based upon profits to be increased by the Court as the Court finds just according to the circumstances of the case, and an award of Nowak's attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**Unfair Competition and False Designation of Origin**
**(15 U.S.C. § 1125(a))**
**(Against all Defendants)**

90. Nowak realleges and incorporates herein by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full.

91. Defendants' use of the "Renew," "Renew Physiotherapy," and "Renew Wellness" in a manner that implies that Nowak is a partner of, sponsors, endorses,

is the source of, or is otherwise affiliated with Defendants' services, constitutes unfair competition and false designation of origin under Section 43(a) of the Lanham Act.

92. Nowak and Defendants have not entered into any agreement by which Defendants are licensed or authorized to use any mark infringing the Registered Marks.

93. Defendants' actions constitute a misappropriation of the distinguishing and identifying features which Nowak created through substantial effort and expense, thus evoking from the trade, consumers and others an immediate commercial impression or association favorable to Nowak, based on and derived from the Registered Marks and the goodwill associated therein.

94. Said actions by Defendants are with an intent and purpose to trade upon the goodwill of Nowak and are thus willful.

95. Nowak has been, and is likely to continue to be, damaged by Defendants' wrongful and unlawful acts.

96. As a direct and proximate result of Defendants' acts, of which Nowak complains herein, Nowak has been irreparably harmed and, unless such acts are enjoined, will continue to be irreparably harmed.

97. Nowak has no adequate remedy at law and is entitled to temporary, preliminary, and permanent injunctive relief. Defendants should be preliminarily and permanently enjoined from its conduct complained of herein pursuant to 15 U.S.C. § 1116.

98. Nowak has suffered on account of Defendants' infringements, a disgorgement of Defendants' profits from such infringements, with such amount trebled pursuant to 15 U.S.C. § 1117 as this is an exceptional case based on Defendants' willful and bad faith infringement behavior, with amount of the recovery based upon profits to be increased by the Court as the Court finds just according to the circumstances of the case, and an award of Nowak's attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**Common Law Trademark Infringement and Unfair Competition**
**(North Carolina Law)**
**(Against all Defendants)**

99. Nowak realleges and incorporates herein by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full.

100. Nowak owns and has the exclusive right to use and enforce use of the Registered Trademarks.

101. Irrespective of its federal registrations, Nowak also owns common law rights to, *inter alia*, the RENU HEALTH & FITNESS mark prior to the federal registration of the RENU HEALTH & FITNESS mark in connection with its services, by virtue of its usage of such mark, including in the relevant portions of North Carolina, prior to Defendants' relevant activities.

102. Nowak and Defendants have not entered into any agreement by which the Defendants are licensed or authorized to use any mark infringing the RENU HEALTH & FITNESS mark.

103. Defendants' actions, as described above, are likely to cause confusion, and have caused confusion as to the affiliation, connection, or association of

Defendants with Nowak, or as to the origin, sponsorship, endorsement, or approval of Defendants, their services/products, and its commercial activities by or with Nowak such that Defendants' acts constitute infringement of Nowak's rights in the RENU HEALTH & FITNESS mark, misappropriation of the goodwill in the RENU HEALTH & FITNESS mark, common law trademark infringement, and unfair competition under North Carolina common law.

104. Nowak is entitled to recover its damages from Defendants, including damages measured at Defendants' profits from their infringement. Nowak is entitled to have Defendants account to Nowak for their revenues, costs, and profits from its sales under "Renew," "Renew Physiotherapy," "Renew Wellness," and other affiliated entities. Because willful infringement has continued after notice, Nowak is entitled to trebling of its damages.

105. As a direct and proximate result of Defendants' acts, of which Nowak complains herein, Nowak has been irreparably harmed and, unless such acts are enjoined, will continue to be irreparably harmed.

106. Nowak has no adequate remedy at law and is entitled to temporary, preliminary, and permanent injunctive relief. Defendants should be preliminarily and permanently enjoined from continuing to willfully violate the RENU HEALTH & FITNESS mark, causing injury to Nowak.

## FOURTH CLAIM FOR RELIEF
**Unfair and Deceptive Trade Practices**
**(N.C. Gen. Stat. § 75-1.1 et seq. and under the common law)**
**(Against all Defendants)**

107. Nowak realleges and incorporates herein by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full.

108. Defendants' wrongful and unlawful acts and omissions complained of herein also constitute deceptive acts and practices in violation of N.C. Gen. Stat. § 75-1.1 and the common law, in that they possess the tendency or capacity to mislead or create the likelihood of deception, and that they have in fact caused actual deception in the marketplace.

109. Defendants' willful use of "Renew," "Renew Physiotherapy," and "Renew Wellness" has had a tendency to mislead consumers and, upon information and belief, has actually misled consumers to believe that Renu Health & Wellness and Renew, Renew Physiotherapy, and Renew Wellness are affiliated, if not one-and-the-same.

110. Defendants' acts affected commerce in and throughout the State of North Carolina and have damaged Nowak in North Carolina.

111. Nowak has been, and continues to be, damaged as a direct and proximate result of Defendants' unfair and deceptive trade practices in an amount to be proven at trial, for which amount Defendants are liable to Nowak. Nowak is entitled to recover from Defendants all damages it has suffered on account of Defendants' unfair and deceptive trade practices, including disgorgement of all profits Defendants have obtained from such practices.

112. Nowak is further entitled to treble damages for Defendants' unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-16.

113. Additionally, despite Nowak's good faith efforts to resolve these matters with B.E.S.T., MDO, and O2 prior to commencement of this action, as described above, B.E.S.T., MDO, and O2 unreasonably failed and refused to do so. Therefore, Nowak is further entitled to attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1.

114. As a direct and proximate result of Defendants' acts, of which Nowak complains herein, Nowak has been irreparably harmed and, unless such acts are enjoined, will continue to be irreparably harmed. Nowak is entitled to equitable relief, including injunctive relief.

WHEREFORE, Nowak requests the following relief:

1. That B.E.S.T., MDO, O2, RDNutrition, and their agents, officers, employees, representatives, successors, assigns, affiliates, attorneys, and all other persons acting for, with, by, through, or under authority from B.E.S.T., MDO, O2, and RDNutrition be permanently enjoined from using any trademark or service mark that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Nowak's services;

2. That Nowak have and recover from B.E.S.T., MDO, O2, and RDNutrition, its damages, disgorgement of B.E.S.T., MDO, O2, and RDNutrition's profits, and such other statutory, exemplary, punitive, and/or treble damages as may be allowed pursuant to N.C. Gen. Stat. § 1D-15, N.C. Gen. Stat. § 75-16, 15 U.S.C. § 1117 et seq., or as otherwise allowed by law;

3. That the costs of this action be taxed against B.E.S.T., MDO, O2, and RDNutrition;

4. That Nowak have and recover from B.E.S.T., MDO, O2, and RDNutrition, all attorneys' fees incurred by Nowak in connection with this civil action and the matters complained of herein, to the maximum extent allowed by law (including, without limitation, N.C. Gen. Stat. § 75-16.1 and 15 U.S.C. § 1117);

5. That Nowak have and recover such other and further relief as it may be entitled to under the facts and the applicable law; and

6. Provide a trial by jury as to all issues so triable.

Respectfully submitted, this 21st day of October, 2025.

/s/ Katarina K. Wong
David W. Sar
N.C. State Bar No. 23533
dsar@brookspierce.com
Katarina K. Wong
N.C. State Bar No. 55040
kwong@brookspierce.com
*Attorneys for Plaintiff*

OF COUNSEL:

BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, L.L.P.
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-p3175

# EXHIBIT 1

# United States of America

## United States Patent and Trademark Office

# RENU HEALTH & FITNESS

**Reg. No. 7,595,306**

**Registered Dec. 10, 2024**

**Int. Cl.: 41, 44**

**Service Mark**

**Principal Register**

Nowak Enterprises Inc. (TENNESSEE CORPORATION)
10940 Raven Ridge Rd., Ste. 116
Raleigh, NORTH CAROLINA 27614

CLASS 41: Personal fitness training services; Personal trainer services; Physical fitness conditioning classes; Physical fitness consultation; Physical fitness training services

FIRST USE 6-1-2011; IN COMMERCE 6-1-2011

CLASS 44: Weight management services, namely, providing weight loss and/or weight maintenance programs; Bodywork therapy services, namely, structural integration therapy and movement therapy; Physical therapy in the nature of movement therapy

FIRST USE 1-1-2000; IN COMMERCE 1-1-2000

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "HEALTH & FITNESS"

SER. NO. 98-327,670, FILED 12-22-2023

Katherine Kelly Vidal

Director of the United States
Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

PTO- 1597
Approved for use through 01/31/2025. OMB 0651-0055
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Section 7 Request Form

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **REGISTRATION NUMBER** | 7595306 |
| **SERIAL NUMBER** | 98327670 |
| **MARK SECTION** | |
| **MARK** | mark |
| **LITERAL ELEMENT** | RENU HEALTH & FITNESS |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size or color. |
| **OWNER SECTION (current)** | |
| **NAME** | NOWAK ENTERPRISES INC. |
| **MAILING ADDRESS** | 10940 RAVEN RIDGE RD., SUITE 116 |
| **CITY** | RALEIGH |
| **STATE** | North Carolina |
| **ZIP/POSTAL CODE** | 27614 |
| **COUNTRY/REGION/JURISDICTION/U.S. TERRITORY** | United States |
| **OWNER SECTION (proposed)** | |
| **NAME** | NOWAK ENTERPRISES INC. |
| **MAILING ADDRESS** | 10940 RAVEN RIDGE RD., SUITE 116 |
| **CITY** | RALEIGH |
| **STATE** | North Carolina |
| **ZIP/POSTAL CODE** | 27614 |
| **COUNTRY/REGION/JURISDICTION/U.S. TERRITORY** | United States |
| **EMAIL** | XXXX |
| **LEGAL ENTITY SECTION (current)** | |
| **TYPE** | corporation |
| **STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY OF INCORPORATION** | North Carolina |
| **LEGAL ENTITY SECTION (proposed)** | |
| **TYPE** | corporation |
| **STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY OF INCORPORATION** | North Carolina |

| | |
|---|---|
| **EXPLANATION OF FILING** | |
| Registrant seeks to amend, only for the services in class 044, the dates of first use anywhere and first use in commerce from January 1, 2000 to June 1, 2011. Registrant also seeks to remove "Physical therapy in the nature of movement therapy" from the services listed in class 044. | |
| **GOODS AND/OR SERVICES SECTION (041)(no change)** | |
| **GOODS AND/OR SERVICES SECTION (044)(current)** | |
| **U.S. CLASS** | 044 |
| **IDENTIFICATION** | |
| Weight management services, namely, providing weight loss and/or weight maintenance programs; Bodywork therapy services, namely, structural integration therapy and movement therapy; Physical therapy in the nature of movement therapy | |
| **FILING BASIS** | Section 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 01/01/2000 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 01/01/2000 |
| **GOODS AND/OR SERVICES SECTION (044)(proposed)** | |
| **U.S. CLASS** | 044 |
| **IDENTIFICATION** | |
| Weight management services, namely, providing weight loss and/or weight maintenance programs; Bodywork therapy services, namely, structural integration therapy and movement therapy | |
| **FILING BASIS** | Section 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 06/01/2011 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 06/01/2011 |
| **ATTORNEY INFORMATION (current)** | |
| **NAME** | Ahaji K Amos |
| **ATTORNEY BAR MEMBERSHIP NUMBER** | XXX |
| **YEAR OF ADMISSION** | XXXX |
| **U.S. STATE/ COMMONWEALTH/ TERRITORY** | XX |
| **FIRM NAME** | Ahaji Amos, PLLC |
| **STREET** | 801 Travis St |
| **CITY** | Houston |
| **STATE** | Texas |
| **POSTAL CODE** | 77002 |
| **COUNTRY/REGION/JURISDICTION/U.S. TERRITORY** | United States |
| **PHONE** | 984-218-5664 |
| **FAX** | âÂ€(713) 280-0603âÂ€¬ |
| **EMAIL** | ahaji@ahajiamos.com |
| **DOCKET/REFERENCE NUMBER** | 1237 - word |
| **ATTORNEY INFORMATION (proposed)** | |
| **NAME** | David W. Sar |
| **ATTORNEY BAR MEMBERSHIP NUMBER** | XXX |
| **YEAR OF ADMISSION** | XXXX |

| | |
|---|---|
| **U.S. STATE/ COMMONWEALTH/ TERRITORY** | XX |
| **FIRM NAME** | Brooks, Pierce, McLendon, Humphrey & Leo |
| **INTERNAL ADDRESS** | 2000 Renaissance Plaza |
| **STREET** | 230 N. Elm St. |
| **CITY** | Greensboro |
| **STATE** | North Carolina |
| **POSTAL CODE** | 27401 |
| **COUNTRY/REGION/JURISDICTION/U.S. TERRITORY** | United States |
| **PHONE** | 336-271-3175 |
| **FAX** | 336-232-9075 |
| **EMAIL** | dsar@brookspierce.com |
| **CORRESPONDENCE INFORMATION (current)** | |
| **NAME** | Ahaji K Amos |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | ahaji@ahajiamos.com |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | NOT PROVIDED |
| **CORRESPONDENCE INFORMATION (proposed)** | |
| **NAME** | David W. Sar |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | dsar@brookspierce.com |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | NOT PROVIDED |
| **PAYMENT SECTION** | |
| **SECTION 7 FEE – Amendment filed is the correction of an immaterial error that was the fault of the USPTO** | 100 |
| **TOTAL FEES DUE** | 100 |
| **SIGNATURE SECTION** | |
| **DECLARATION SIGNATURE** | /Dino Nowak/ |
| **SIGNATORY'S NAME** | Dino Nowak |
| **SIGNATORY'S POSITION** | President |
| **DATE SIGNED** | 10/07/2025 |
| **SIGNATURE METHOD** | Sent to third party for signature |
| **REQUEST SIGNATURE** | /DavidWSar/ |
| **SIGNATORY'S NAME** | David W. Sar |
| **SIGNATORY'S POSITION** | Attorney of record, NC bar member (#23533) |
| **DATE SIGNED** | 10/07/2025 |
| **ROLE OF AUTHORIZED SIGNATORY** | Authorized U.S.-Licensed Attorney |
| **SIGNATURE METHOD** | Sent to third party for signature |
| **CONCURRENT § 8, 8 &15, OR 8 &9 FILED** | NO |
| **FILING INFORMATION SECTION** | |
| **SUBMIT DATE** | Tue Oct 07 17:09:31 ET 2025 |
| | |

| | |
|---|---|
| **TEAS STAMP** | USPTO/S7R-XX.XXX.XXX.XXX-20251007170932770297-7595306-910dad2e023f3ffb583c674206e7bce1d0c38a3daaa054ed9edbe313a513f9084-CC-09319402-20251007162754765749 |

PTO- 1597
Approved for use through 01/31/2025. OMB 0651-0055
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Section 7 Request Form

## To the Commissioner for Trademarks:

The registrant requests the following amendment(s) to registration no. **7595306** RENU HEALTH & FITNESS(Standard Characters, see https://tmng-al.uspto.gov/resting2/api/img/98327670/large) has been amended as follows:

**EXPLANATION OF FILING**
Registrant seeks to amend, only for the services in class 044, the dates of first use anywhere and first use in commerce from January 1, 2000 to June 1, 2011. Registrant also seeks to remove "Physical therapy in the nature of movement therapy" from the services listed in class 044.

**CLASSIFICATION AND LISTING OF GOODS/SERVICES**
**Registrant proposes to amend the following class of goods/services in the application:**
**Current:** Class 044 for Weight management services, namely, providing weight loss and/or weight maintenance programs; Bodywork therapy services, namely, structural integration therapy and movement therapy; Physical therapy in the nature of movement therapy
**Filing Basis: Section 1(a), Use in Commerce:** The registrant is using the mark in commerce, or the registrant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 01/01/2000 and first used in commerce at least as early as 01/01/2000, and is now in use in such commerce.

**Proposed:** Class 044 for Weight management services, namely, providing weight loss and/or weight maintenance programs; Bodywork therapy services, namely, structural integration therapy and movement therapy
**Filing Basis: Section 1(a), Use in Commerce:** The registrant is using the mark in commerce, or the registrant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 06/01/2011 and first used in commerce at least as early as 06/01/2011, and is now in use in such commerce.

**OWNER AND/OR ENTITY INFORMATION**
**Registrant proposes to amend the following:**
**Current:** NOWAK ENTERPRISES INC., a corporation of North Carolina, having an address of
10940 RAVEN RIDGE RD., SUITE 116
RALEIGH, North Carolina 27614
United States
**Proposed:** NOWAK ENTERPRISES INC., a corporation of North Carolina, having an address of

10940 RAVEN RIDGE RD., SUITE 116
RALEIGH, North Carolina 27614
United States
XXXX

The owner's/holder's current attorney information: Ahaji K Amos. Ahaji K Amos of Ahaji Amos, PLLC, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, is located at

801 Travis St
Houston, Texas 77002
United States
The docket/reference number is 1237 - word.

The phone number is 984-218-5664.

The fax number is âÂ€(713) 280-0603âÂ€¬.

The email address is ahaji@ahajiamos.com

The owner's/holder's proposed attorney information: David W. Sar. David W. Sar of Brooks, Pierce, McLendon, Humphrey & Leo, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, is located at

2000 Renaissance Plaza
230 N. Elm St.
Greensboro, North Carolina 27401
United States

The phone number is 336-271-3175.

The fax number is 336-232-9075.

The email address is dsar@brookspierce.com

David W. Sar submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.

**Correspondence Information (current)**
Ahaji K Amos
PRIMARY EMAIL FOR CORRESPONDENCE: ahaji@ahajiamos.com
SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Correspondence Information (proposed)**
David W. Sar
PRIMARY EMAIL FOR CORRESPONDENCE: dsar@brookspierce.com
SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the owner/holder and the owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

**FEE(S)**
Fee(s) in the amount of $100 is being submitted.

**SIGNATURE(S)**
**Declaration Signature**
The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of this submission, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

Signature: /Dino Nowak/ Date: 10/07/2025
Signatory's Name: Dino Nowak
Signatory's Position: President
Signature method: Sent to third party for signature

**Request Signature**
Signature: /DavidWSar/ Date: 10/07/2025
Signatory's Name: David W. Sar
Signatory's Position: Attorney of record, NC bar member (#23533)

Signatory's Phone: 3362713175

Signature method: Sent to third party for signature
The signatory has confirmed that he/she is a U.S.-licensed attorney who is an active member in good standing of the bar of the highest court of a U.S. state (including the District of Columbia and any U.S. Commonwealth or territory); and he/she is currently the owner's/holder's attorney or

an associate thereof; and to the best of his/her knowledge, if filed in conjunction with a pending post-registration filing, and if prior to his/her appointment another U.S.-licensed attorney not currently associated with his/her company/firm previously represented the owner/holder in this matter: the owner/holder has revoked their power of attorney by a signed revocation or substitute power of attorney with the USPTO; the USPTO has granted that attorney's withdrawal request; the owner/holder has filed a power of attorney appointing him/her in this matter; or the owner's/holder's appointed U.S.-licensed attorney has filed a power of attorney appointing him/her as an associate attorney in this matter.

The applicant is NOT filing a Declaration of Use of Mark under Section 8; a Combined Declaration of Use of Mark under Sections 8 & 15; or a Combined Declaration of Use of Mark/Application for Renewal of Registration of Mark under Sections 8 & 9 in conjunction with this Section 7 Request.

Mailing Address: Ahaji K Amos
Ahaji Amos, PLLC

801 Travis St
Houston, Texas 77002
Mailing Address: David W. Sar
Brooks, Pierce, McLendon, Humphrey & Leo
2000 Renaissance Plaza
230 N. Elm St.
Greensboro, North Carolina 27401

PAYMENT: 7595306
PAYMENT DATE: 10/07/2025

Serial Number: 98327670
Internet Transmission Date: Tue Oct 07 17:09:31 ET 2025
TEAS Stamp: USPTO/S7R-XX.XXX.XXX.XXX-202510071709327
70297-7595306-910dad2e023f3ffb583c674206
e7bce1d0c38a3daaa054ed9edbe313a513f9084-
CC-09319402-20251007162754765749

# United States of America

## United States Patent and Trademark Office

renu
HEALTH & FITNESS

**Reg. No. 4,784,910**

**Registered Aug. 4, 2015**

**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

NOWAK ENTERPRISES INC. (TENNESSEE CORPORATION)
185 PRINCESS CIR.
FRANKLIN, TN 37064

FOR: CONDUCTING FITNESS CLASSES; CONSULTING SERVICES IN THE FIELDS OF FITNESS AND EXERCISE; COUNSELING SERVICES IN THE FIELD OF PHYSICAL FITNESS; FITNESS BOOT CAMPS; HEALTH CLUB SERVICES, NAMELY, PROVIDING INSTRUCTION AND EQUIPMENT IN THE FIELD OF PHYSICAL EXERCISE; PERSONAL FITNESS TRAINING SERVICES AND CONSULTANCY; PERSONAL FITNESS TRAINING SERVICES FEATURING AEROBIC AND ANAEROBIC ACTIVITIES COMBINED WITH RESISTANCE AND FLEXIBILITY TRAINING; PHYSICAL FITNESS CONDITIONING CLASSES; PHYSICAL FITNESS CONSULTATION; PHYSICAL FITNESS INSTRUCTION; PHYSICAL FITNESS STUDIO SERVICES, NAMELY, PROVIDING EXERCISE CLASSES, BODY SCULPTING CLASSES, AND GROUP FITNESS CLASSES; PHYSICAL FITNESS STUDIO SERVICES, NAMELY, PROVIDING GROUP EXERCISE INSTRUCTION, EQUIPMENT, AND FACILITIES; PHYSICAL FITNESS TRAINING OF INDIVIDUALS AND GROUPS; PHYSICAL FITNESS TRAINING SERVICES; PROVIDING ASSISTANCE, PERSONAL TRAINING AND PHYSICAL FITNESS CONSULTATION TO CORPORATE CLIENTS TO HELP THEIR EMPLOYEES MAKE PHYSICAL FITNESS, STRENGTH, CONDITIONING, AND EXERCISE ALTERATIONS IN THEIR DAILY LIVING; PROVIDING ASSISTANCE, PERSONAL TRAINING AND PHYSICAL FITNESS CONSULTATION TO INDIVIDUALS TO HELP THEM MAKE PHYSICAL FITNESS, STRENGTH, CONDITIONING, AND EXERCISE IMPROVEMENT IN THEIR DAILY LIVING; PROVIDING CLASSES, WORKSHOPS, SEMINARS AND CAMPS IN THE FIELDS OF FITNESS, EXERCISE, BOXING, KICK BOXING AND MIXED MARTIAL ARTS; PROVIDING FACILITIES FOR PHYSICAL FITNESS TRAINING; PROVIDING FITNESS AND EXERCISE FACILITIES; PROVIDING FITNESS AND EXERCISE STUDIO SERVICES, NAMELY, PILATES INSTRUCTION AND TRAINING; PROVIDING GENERAL FITNESS AND MIXED MARTIAL ARTS FACILITIES THAT REQUIRE MEMBERSHIPS AND ARE FOCUSED IN THE FIELDS OF GENERAL FITNESS, EXERCISE, AND MIXED MARTIAL ARTS; PROVIDING PHYSICAL FITNESS AND EXERCISE SERVICE, NAMELY, INDOOR CYCLING AND YOGA INSTRUCTION, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 2-11-2013; IN COMMERCE 2-11-2013.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HEALTH & FITNESS", APART FROM THE MARK AS SHOWN.

UNITED STATES PATENT AND TRADEMARK OFFICE
DEPARTMENT OF COMMERCE

Michelle K. Lee

Director of the United States
Patent and Trademark Office

**Reg. No. 4,784,910** THE COLOR(S) BLACK, WHITE, ORANGE, RED, GREEN, AND BLUE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF A CIRCLE CREATED THROUGH A COMBINATION OF ORANGE, RED, GREEN, AND BLUE WAVES, WITH AN INTERIOR BACKGROUND COLOR OF BLACK, AND CONTAINING THE WORD "RENU" IN A LARGE, LOWERCASE, WHITE FONT ABOVE THE WORDS "HEALTH & FITNESS" IN A SMALLER, CAPITALIZED, WHITE FONT.

SER. NO. 86-459,536, FILED 11-20-2014.

SUSAN LESLIE DUBOIS, EXAMINING ATTORNEY

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# RENEW

**Reg. No. 4,893,086**

**Registered Jan. 26, 2016**

**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

RENEW FITNESS, LLC (WASHINGTON LIMITED LIABILITY COMPANY)
#C186
1200 112TH AVE NE
BELLEVUE, WA 98004

FOR: PERSONAL FITNESS TRAINING SERVICES; PERSONAL FITNESS TRAINING SERVICES AND CONSULTANCY; PHYSICAL FITNESS CONDITIONING CLASSES; PHYSICAL FITNESS CONSULTATION; PHYSICAL FITNESS INSTRUCTION; PHYSICAL FITNESS TRAINING SERVICES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 7-1-2005; IN COMMERCE 7-1-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 86-680,505, FILED 7-1-2015.

MICHAEL WIENER, EXAMINING ATTORNEY

Director of the United States
Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# United States of America
## United States Patent and Trademark Office

# RENEW FITNESS

**Reg. No. 4,893,089**

**Registered Jan. 26, 2016**

**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

RENEW FITNESS, LLC (WASHINGTON LIMITED LIABILITY COMPANY)
#C186
1200 112TH AVE NE
BELLEVUE, WA 98004

FOR: PERSONAL FITNESS TRAINING SERVICES; PERSONAL FITNESS TRAINING SERVICES AND CONSULTANCY; PHYSICAL FITNESS CONDITIONING CLASSES; PHYSICAL FITNESS CONSULTATION; PHYSICAL FITNESS INSTRUCTION; PHYSICAL FITNESS TRAINING SERVICES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 7-1-2005; IN COMMERCE 7-1-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FITNESS", APART FROM THE MARK AS SHOWN.

SER. NO. 86-680,637, FILED 7-1-2015.

MICHAEL WIENER, EXAMINING ATTORNEY

Michelle K. Lee

Director of the United States
Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# EXHIBIT 2

AHAJI AMOS
PLLC

855-266-7552•https://www.ahajiamos.com•ahaji@ahajiamos.com

April 7, 2025

B.E.S.T. Physical Therapy, DBA Loop Nutrition
Registered Agent: Marc Douek
1714 Canterbury Rd.
Raleigh, NC 27608

**Re: Unauthorized Use of Trademarks – Immediate Cease and Desist Required,**

Mr. Douek,

I represent Nowak Enterprises, Inc., the lawful owner and exclusive rights holder of several valuable and federally registered trademarks, including but not limited to:

- U.S. Registration No. 4784910:

- U.S. Registration No. 7595306: RENU HEALTH & FITNESS
- U.S. Registration No. 4893086: RENEW
- U.S. Registration No. 4893089: RENEW FITNESS

We have documented evidence that your business is making unauthorized use of marks that are identical or confusingly similar to those owned by our client, specifically through your use of "RENEW FITNESS CENTER" and related branding in your fitness-related business operations, marketing materials, website content, and social media presence. This unauthorized use constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114 et seq., and presents a significant risk of consumer confusion, dilution of brand value, unfair competition, and irreparable harm to our client's valuable intellectual property rights and business reputation.

Accordingly, you are hereby directed to:

1. Immediately cease and desist from any and all use of the infringing marks, and in no event later than 72 hours from receipt of this letter in connection with goods, services, websites, advertising, signage, promotional materials, and any other commercial purposes.
2. Preserve and retain all physical and electronic documents, communications, inventory of all materials bearing the infringing marks, advertisements, packaging, signage, digital content, and records relating to the use of the infringing marks. This demand for record retention is made pursuant to the obligations under the Federal Rules of Civil Procedure,

which require parties to preserve evidence when litigation is reasonably anticipated. Specifically, Rule 37(e) addresses the consequences of failing to preserve electronically stored information.

---

**Examples of Unauthorized Use:**

renew
WELLNESS

renew WELLNESS

Our client has invested significant time, effort and legal resources into protecting its federally registered trademarks. Your unauthorized and ongoing use of confusingly similar branding has resulted in documented harm, including diverted referrals, customer confusion, and lost business opportunities. These are not speculative claims-they are substantiated, ongoing, and damaging.

Failure to comply with this demand may result in legal action, including a request for statutory damages under 15 U.S.C. § 1117(c) and potential treble damages for willful infringement to increase the deterrent effect, injunctive relief and the recovery of attorney's fees and costs.

While Nowak Enterprises, Inc. is prepared to pursue all legal and equitable remedies available under the Lanham Act, 15 U.S.C. § 1114 et seq., including disgorgement of profits, treble damages, preliminary and permanent injunctive relief, ex parte seizure orders, and destruction of all infringing materials, we believe an amicable resolution is still possible if addressed promptly. Our client remains open to good faith negotiations, including the potential for licensing or assignment, with materially better terms available if this matter is resolved quickly and without the need for litigation.

You must confirm in writing by April 16, 2025, by 5:00 PM EST, that you have complied with these demands. You may respond via email at ahaji@ahajiamos.com, or call our offices at 855-266-7552. Absent a response, we will proceed to litigation.

This letter is not a complete statement of Nowak Enterprises, Inc.'s rights, remedies, or claims, all of which are expressly reserved. Nothing contained herein shall be construed as a waiver of any rights, remedies, or claims, whether known or unknown, past, present or future.

AHAJI AMOS
PLLC

855-266-7552•https://www.ahajiamos.com•ahaji@ahajiamos.com

**/Ahaji Amos/**
Attorney at Law
Ahaji Amos, PLLC

AHAJI AMOS
PLLC

855-266-7552•https://www.ahajiamos.com•ahaji@ahajiamos.com

April 7, 2025

O2 Fitness Seaboard, LLC
MDO Holdings, LLC
Registered Agent: Michael D Olander Jr.
1025 Wade Avenue
Raleigh, NC 27605

**Re: Unauthorized Use of Trademarks – Immediate Cease and Desist Required,**

Mr. Olander,

I represent Nowak Enterprises, Inc., the lawful owner and exclusive rights holder of several valuable and federally registered trademarks, including but not limited to:

- U.S. Registration No. 4784910:

- U.S. Registration No. 7595306: RENU HEALTH & FITNESS
- U.S. Registration No. 4893086: RENEW
- U.S. Registration No. 4893089: RENEW FITNESS

It has come to our attention that your business is making unauthorized use of marks that are identical or confusingly similar to those owned by our client, specifically through your use of "RENEW FITNESS CENTER" and related branding in your fitness-related business operations, marketing materials, website content, and social media presence. This unauthorized use constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114 et seq., and presents a significant risk of consumer confusion, dilution of brand value, unfair competition, and irreparable harm to our client's valuable intellectual property rights and business reputation.

Accordingly, you are hereby directed to:

1. Immediately cease and desist from any and all use of the infringing marks immediately, and in no event later than 72 hours from receipt of this letter in connection with goods, services, websites, advertising, signage, promotional materials, and any other commercial purposes.
2. Preserve and retain all physical and electronic documents, communications, inventory of all materials bearing the infringing marks, advertisements, packaging, signage, digital content, and records relating to the use of the infringing marks. This demand for record

855-266-7552•https://www.ahajiamos.com•ahaji@ahajiamos.com

retention is made pursuant to the obligations under the Federal Rules of Civil Procedure, which require parties to preserve evidence when litigation is reasonably anticipated. Specifically, Rule 37(e) addresses the consequences of failing to preserve electronically stored information.

---

**Examples of Unauthorized Use:**

renew
WELLNESS

renew WELLNESS

Failure to comply with this demand may result in legal action, including a request for statutory damages under 15 U.S.C. § 1117(c) and potential treble damages for willful infringement to increase the deterrent effect, injunctive relief and the recovery of attorney's fees and costs.

While Nowak Enterprises, Inc. is prepared to pursue all legal and equitable remedies available under the Lanham Act, 15 U.S.C. § 1114 et seq., including disgorgement of profits, treble damages, preliminary and permanent injunctive relief, ex parte seizure orders, and destruction of all infringing materials, we believe an amicable resolution is still possible if addressed promptly. Our client remains open to good faith negotiations, including the potential for licensing or assignment, with materially better terms available if this matter is resolved quickly and without the need for litigation.

Please confirm in writing by April 16, 2025, by 5:00 PM, EST, that you have complied with these demands. You may respond via email at ahaji@ahajiamos.com, or call our offices at 855-266-7552. Absent a response, we will proceed to litigation.

This letter is not a complete statement of Nowak Enterprises, Inc.'s rights, remedies, or claims, all of which are expressly reserved. Nothing contained herein shall be construed as a waiver of any rights, remedies, or claims, whether known or unknown, past, present or future.

**/Ahaji Amos/**
Attorney at Law
Ahaji Amos, PLLC

AHAJI AMOS
PLLC

855-266-7552•https://www.ahajiamos.com•ahaji@ahajiamos.com

April 7, 2025

**VIA EXPRESS MAIL, SIGNATURE REQUIRED**
Thrive Life Holdings, LLC
Registered Agent: Len Morton
1025 Wade Avenue
Raleigh, NC 27605

**Re: Unauthorized Use of Trademarks – Immediate Cease and Desist Required,**

Mr. Morton,

I represent Nowak Enterprises, Inc., the lawful owner and exclusive rights holder of several valuable and federally registered trademarks, including but not limited to:

- U.S. Registration No. 4784910:

- U.S. Registration No. 7595306: RENU HEALTH & FITNESS
- U.S. Registration No. 4893086: RENEW
- U.S. Registration No. 4893089: RENEW FITNESS

It has come to our attention that your business is making unauthorized use of marks that are identical or confusingly similar to those owned by our client, specifically through your use of "RENEW FITNESS CENTER" and related branding in your fitness-related business operations, marketing materials, website content, and social media presence. This unauthorized use constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114 et seq., and presents a significant risk of consumer confusion, dilution of brand value, unfair competition, and irreparable harm to our client's valuable intellectual property rights and business reputation.

Accordingly, you are hereby directed to:

1. Immediately cease and desist from any and all use of the infringing marks immediately, and in no event later than 72 hours from receipt of this letter in connection with goods, services, websites, advertising, signage, promotional materials, and any other commercial purposes.
2. Preserve and retain all physical and electronic documents, communications, inventory of all materials bearing the infringing marks, advertisements, packaging, signage, digital content, and records relating to the use of the infringing marks. This demand for record

855-266-7552•https://www.ahajiamos.com•ahaji@ahajiamos.com

retention is made pursuant to the obligations under the Federal Rules of Civil Procedure, which require parties to preserve evidence when litigation is reasonably anticipated. Specifically, Rule 37(e) addresses the consequences of failing to preserve electronically stored information.

---

**Examples of Unauthorized Use:**

Failure to comply with this demand may result in legal action, including a request for statutory damages under 15 U.S.C. § 1117(c) and potential treble damages for willful infringement to increase the deterrent effect, injunctive relief and the recovery of attorney's fees and costs.

While Nowak Enterprises, Inc. is prepared to pursue all legal and equitable remedies available under the Lanham Act, 15 U.S.C. § 1114 et seq., including disgorgement of profits, treble damages, preliminary and permanent injunctive relief, ex parte seizure orders, and destruction of all infringing materials, we believe an amicable resolution is still possible if addressed promptly. Our client remains open to good faith negotiations, including the potential for licensing or assignment, with materially better terms available if this matter is resolved quickly and without the need for litigation.

Please confirm in writing by April 16, 2025, by 5:00 PM, EST, that you have complied with these demands. You may respond via email at ahaji@ahajiamos.com, or call our offices at 855-266-7552. Absent a response, we will proceed to litigation.

This letter is not a complete statement of Nowak Enterprises, Inc.'s rights, remedies, or claims, all of which are expressly reserved. Nothing contained herein shall be construed as a waiver of any rights, remedies, or claims, whether known or unknown, past, present or future.

**/Ahaji Amos/**
Attorney at Law
Ahaji Amos, PLLC

AHAJI AMOS
PLLC

855-266-7552•https://www.ahajiamos.com•ahaji@ahajiamos.com

April 7, 2025

MDO Holdings, LLC
Registered Agent: Michael D Olander Jr.
1025 Wade Avenue
Raleigh, NC 27605

**Re: Unauthorized Use of Trademarks – Immediate Cease and Desist Required,**

Mr. Olander,

I represent Nowak Enterprises, Inc., the lawful owner and exclusive rights holder of several valuable and federally registered trademarks, including but not limited to:

- U.S. Registration No. 4784910:

- U.S. Registration No. 7595306: RENU HEALTH & FITNESS
- U.S. Registration No. 4893086: RENEW
- U.S. Registration No. 4893089: RENEW FITNESS

It has come to our attention that your business is making unauthorized use of marks that are identical or confusingly similar to those owned by our client, specifically through your use of "RENEW FITNESS CENTER" and related branding in your fitness-related business operations, marketing materials, website content, and social media presence. This unauthorized use constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114 et seq., and presents a significant risk of consumer confusion, dilution of brand value, unfair competition, and irreparable harm to our client's valuable intellectual property rights and business reputation.

Accordingly, you are hereby directed to:

1. Immediately cease and desist from any and all use of the infringing marks immediately, and in no event later than 72 hours from receipt of this letter in connection with goods, services, websites, advertising, signage, promotional materials, and any other commercial purposes.
2. Preserve and retain all physical and electronic documents, communications, inventory of all materials bearing the infringing marks, advertisements, packaging, signage, digital content, and records relating to the use of the infringing marks. This demand for record retention is made pursuant to the obligations under the Federal Rules of Civil Procedure,

which require parties to preserve evidence when litigation is reasonably anticipated. Specifically, Rule 37(e) addresses the consequences of failing to preserve electronically stored information.

**Examples of Unauthorized Use:**

renew
WELLNESS

renew WELLNESS

Failure to comply with this demand may result in legal action, including a request for statutory damages under 15 U.S.C. § 1117(c) and potential treble damages for willful infringement to increase the deterrent effect, injunctive relief and the recovery of attorney's fees and costs.

While Nowak Enterprises, Inc. is prepared to pursue all legal and equitable remedies available under the Lanham Act, 15 U.S.C. § 1114 et seq., including disgorgement of profits, treble damages, preliminary and permanent injunctive relief, ex parte seizure orders, and destruction of all infringing materials, we believe an amicable resolution is still possible if addressed promptly. Our client remains open to good faith negotiations, including the potential for licensing or assignment, with materially better terms available if this matter is resolved quickly and without the need for litigation.

Please confirm in writing by April 16, 2025, by 5:00 PM, EST, that you have complied with these demands. You may respond via email at ahaji@ahajiamos.com, or call our offices at 855-266-7552. Absent a response, we will proceed to litigation.

This letter is not a complete statement of Nowak Enterprises, Inc.'s rights, remedies, or claims, all of which are expressly reserved. Nothing contained herein shall be construed as a waiver of any rights, remedies, or claims, whether known or unknown, past, present or future.

**/Ahaji Amos/**
Attorney at Law
Ahaji Amos, PLLC

# EXHIBIT 3

BROOKS PIERCE
FOUNDED 1897

DAVID SAR
230 NORTH ELM STREET, SUITE 2000
GREENSBORO, NORTH CAROLINA 27401

T 336-271-3175
DSAR@BROOKSPIERCE.COM

August 18, 2025

VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED

B.E.S.T. Physical Therapy d/b/a Renew Physiotherapy
c/o Marc Douek
1714 Canterbury Rd.
Raleigh, NC 27608

MDO Holdings, LLC
c/o Michael D. Olander Jr.
1025 Wade Avenue
Raleigh, NC 27605

O2 Fitness Seaboard LLC
c/o Michael D. Olander Jr.
1025 Wade Avenue
Raleigh, NC 27605

Re: Renew Wellness

To Whom It May Concern and Messrs. Douek and Olander:

Our law firm represents Nowak Enterprises Inc. ("Nowak" or "Client"). We are writing to you regarding B.E.S.T. Physical Therapy d/b/a Renew Physiotherapy ("B.E.S.T."), MDO Holdings, LLC ("MDO"), and O2 Fitness Seaboard LLC's ("O2") infringing use of marks and brands that are identical or confusingly similar to registered marks owned by our Client.

Nowak provides evidence-based fitness, medical exercise, post-rehabilitation training, and other medically aligned wellness services from its center and headquarters in Raleigh, North Carolina. For over two decades, Nowak has been using one or more of its various current marks including "Renu" and "Renu Health and Fitness" in connection with its health, wellness, and fitness services. Nowak is further the owner of trademark registrations for such marks, as well as additional registrations for "Renew" and "Renew Fitness."

Nowak has built and developed a brand that is well recognized. For example, Renu Health and Fitness has been named as one of the best gyms in the Triangle from 2022 through 2025 by Indy Week and the best Wellness Coach by Midtown 5-West in 2025. It has been Nowak's intention to expand its health and wellness model under its registered marks discussed below.

Nowak owns the following trademarks in connection with its health, wellness, and fitness services (the "Registered Marks"):

| Registered Mark | U.S. Registration Number | Classes |
|---|---|---|
| **RENU HEALTH & FITNESS** | 7595306 | **Class 041:** Personal fitness training services; Personal trainer services; Physical fitness conditioning classes; Physical fitness consultation; Physical fitness training services<br><br>**Class 044:** Weight management services, namely, providing weight loss and/or weight maintenance programs; Bodywork therapy services, namely, structural integration therapy and movement therapy; Physical therapy in the nature of movement therapy |
| | 4784910 | **Class 041:** Conducting fitness classes; Consulting services in the fields of fitness and exercise; Counseling services in the field of physical fitness; Fitness boot camps; Health club services, namely, providing instruction and equipment in the field of physical exercise; Personal fitness training services and consultancy; Personal fitness training services featuring aerobic and anaerobic activities combined with resistance and flexibility training; Physical fitness conditioning classes; Physical fitness consultation; Physical fitness instruction; Physical fitness studio services, namely, providing exercise classes, body sculpting classes, and group fitness classes; Physical fitness studio services, namely, providing group exercise instruction, equipment, and facilities; Physical fitness training of individuals and groups; Physical fitness training services; Providing assistance, personal training and physical fitness consultation to corporate clients to help their employees make physical fitness, strength, conditioning, and exercise alterations in their daily living; Providing assistance, personal training and physical fitness consultation to individuals to help them make physical fitness, strength, conditioning, and exercise improvement in their daily living; Providing classes, workshops, seminars and camps in the fields of fitness, exercise, boxing, kick boxing and mixed martial arts; Providing facilities for physical fitness training; Providing fitness and |

| | | |
|---|---|---|
| | | exercise facilities; Providing fitness and exercise studio services, namely, pilates instruction and training; Providing general fitness and mixed martial arts facilities that require memberships and are focused in the fields of general fitness, exercise, and mixed martial arts; Providing physical fitness and exercise service, namely, indoor cycling and yoga instruction |
| **RENEW** | 4893086 | **Class 041:** Personal fitness training services; Personal fitness training services and consultancy; Physical fitness conditioning classes; Physical fitness consultation; Physical fitness instruction; Physical fitness training services |
| **RENEW FITNESS** | 4893089 | **Class 041:** Personal fitness training services; Personal fitness training services and consultancy; Physical fitness conditioning classes; Physical fitness consultation; Physical fitness instruction; Physical fitness training services |

As reflected by registrations, use of some of the marks with some services began at least as early as 2005, and the use of other marks and with various services began at least as early as the early 2010s. Several of Nowak's registrations are incontestable under 15 U.S.C. § 1065.

It appears that, after Nowak had established its trademark rights, B.E.S.T., MDO, O2, and other affiliated entities fairly recently began using the infringing marks "Renew" and "Renew Physiotherapy" in connection with physical therapy and physiotherapy services in North Carolina. Upon information and belief, agents of B.E.S.T., MDO, and O2 were aware of Renu Health and Fitness's health, wellness, and fitness services in Raleigh.

It further appears that B.E.S.T., MDO, O2, and other affiliated entities subsequently adopted the use of "Renew Wellness" and also expanded their use of the "Renew" mark(s) to a new range of health, wellness, and fitness services offered at or in connection with O2 fitness centers. For example, MDO and O2 expanded its service offerings in the wellness space and advertises its services/space as "more than a gym." Upon information and belief, MDO and O2 contracted with B.E.S.T. to provide physical therapy and physiotherapy services in multiple O2 facilities in the Triangle area. It appears that despite the fact that B.E.S.T. often does business as "B.E.S.T. Physical Therapy" there was an intentional decision to forgo its typical practice and instead use the term "Renew" in connection with its partnership with MDO and O2. B.E.S.T., MDO, and O2's use of the term "Renew" suggests that it/they acted with intent to benefit from the established reputation and goodwill of "Renu Health and Fitness" in the Raleigh area to bolster the success of its ecosystem of fitness, physical therapy, wellness, and nutrition services (e.g. O2, Renew Physiotherapy, Renew Wellness, Loop Nutrition, and Thrive Wellness).

B.E.S.T., MDO, and O2's use of the "Renew" and "Renew Wellness" marks and expansion to additional services, especially in the same geographic area as Nowak's primary operations, violates

Nowak's trademark rights. Nowak offers identical and/or similar services in the health, wellness, and fitness space and owns multiple trademarks that are violated by the unauthorized use of "Renew" and "Renew Wellness." Moreover, B.E.S.T., MDO, and O2's strategy of obtaining customers under the infringing use of the "Renew" and "Renew Wellness" allows them to generate additional revenue by directing those same customers to its other fitness, physical therapy, wellness, and nutrition services (e.g. O2, Loop Nutrition, Thrive Wellness) at the direct expense of our client's branding, growth, and franchising.

B.E.S.T., MDO, and O2's unauthorized use of the "Renew" and "Renew Wellness" marks for the same (or highly related) services in the same geographic area has already caused confusion. Nowak is aware of several incidents where providers intended to refer their clients to Renu Health and Fitness, and the clients instead found and/or purchases services and treatments with Renew Wellness. The most recent was learned of just days ago.

Continued infringing use by B.E.S.T., MDO, O2 and its affiliates of Nowak's Registered Marks will continue to create a likelihood of confusion between the brands, particularly as O2 appears to be expanding operations and opening new facilities in territories in which Nowak has prior rights. MDO and O2's wrongful actions have already obstructed Nowak's ability to expand and franchise its business under its Registered Marks because of this likelihood of confusion. Nowak has and continues to suffer actual harm as a result of B.E.S.T., MDO, and O2's infringement.

As you may know, trademark infringers can be ordered to stop using the infringing brand immediately and also to pay damages. One measure of damages is all of your revenues under the name, less any costs that you can show are fairly deductible. Additional multiplied damages could also be awarded. Upon information and belief, agents of B.E.S.T., MDO, O2, and other affiliated entities were aware of Renu Health and Fitness as early as 2021, and such knowledge suggests willful infringement. Nowak would additionally have an unfair or deceptive trade practice claim against B.E.S.T., MDO, and O2, and Nowak could also recover treble damages and attorneys' fees.

As Nowak's newly retained counsel, we are contacting you about this matter. It is demanded that you promptly cease and desist using "Renew" and "Renew Wellness" and otherwise comply with trademark law and related laws prohibiting unfair competition. The consuming public and each of the parties are not served by B.E.S.T., MDO's, and O2's use of confusingly similar branding.

In addition to stopping your wrongful actions, and so that the scope of the problem can be ascertained, you also need to provide to us a full accounting of what you have done with and under this name, including the time period in which you used it, the locations, the services provided, the revenues made and the costs you attribute.

In the interest of attempting to achieve a prompt resolution, and for the purposes of settlement only, Nowak may be willing to forgo pursuit of damages, injunctive relief, treble damages and attorneys' fees and accept one of the following options:

(1) Permanently cease using the infringing marks "Renew" and "Renew Wellness" and make a one-time payment of an amount to be negotiable.

(2) While Nowak intends to continue to operate its business, in recognition of the differences between the parties, Nowak would be willing to consider exploring other options, such as licensing or acquisition of marks or particular assets.

We would like to think that you will promptly change your branding and otherwise comply with this letter and trademark law. Indeed, others against whom our client has engaged in enforcement activities have done this. But if you take a different path, I will have no choice but to consider recommending to my client that decisive legal action be taken, particularly in light of this apparently clear cut case of infringement, unfair competition and unfair or deceptive trade practices.

We look forward to your response within fifteen (15) days of the date of this letter.

A purpose of this letter is to ensure that you are on notice of my clients' claims. As a result of such notice, B.E.S.T., MDO, and O2 are required by law to preserve all evidence relating to the transaction between you and my client. We request, pursuant to applicable federal and North Carolina law, that you retain and do not destroy any document, data, items, information, whether in hard copy or electronic form, that relates to this matter, that are in your possession or in the possession of any of your employees, contractors, agents, or other representatives. Any question concerning the relevance of any document or data should be resolved in favor of preservation and retention, and includes but is not limited to branding documents, design documents, and communications relating to the development, selection, and implementation of the marks "Renew," "Renew Physiotherapy," and "Renew Wellness. For purposes of this claim, "electronic data" includes, but is not limited to, all text files (e.g., word processing documents, PowerPoint presentations, etc.), spread sheets, email, databases, calendars, computer system logs, and Internet usage files, etc. Your computer systems include, but are not limited to, all workstations, laptops, network servers, removable media, handheld devices, voice mail, and backup tapes. If you have any doubt or confusion regarding the scope of your obligations to preserve evidence, you should either contact your attorney or direct your questions to the undersigned.

This letter is written without prejudice to my client's rights, all of which are hereby expressly preserved. My client has not yet made any determinations concerning whether it will pursue its legal rights and reserves all rights to do so.

Sincerely,

David W. Sar